NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES SIMON,  :  <br>  : <br>  Plaintiff,  : <br>  : <br>  v.  : <br>  : <br> FEDERAL PRISON INDUSTRIES, et al.,  : <br>  : <br>  Defendants.  : <br>  : | Civil Action No. 98-5707 (FSH) <br><br> **OPINION & ORDER** <br><br> February 22, 2006 |

This matter comes before the Court upon several motions filed by the *pro se* Plaintiff in this case.[1] On September 20, 2005, Plaintiff moved for sanctions against the Defendants, and filed a "Notice of Motion to Enhance Rule 11 Sanction" on October 6, 2005. On November 1, 2005 Plaintiff filed a "Motion for Temporary Restraining Order Preliminary Injunction." On November 2, 2005, this Court denied Plaintiff's outstanding Motion for Reconsideration of this Court's June 24, 2005 Order and his application to expedite that motion. On November 3, 2005, this Court granted Defendants' Motion to Vacate Default. Before the Court ruled on Plaintiff's motions for sanctions and injunctive relief, Plaintiff appealed the Court's November 2nd and 3rd Orders to the United States Court of Appeals for the Third Circuit. In light of this appeal, on January 26, 2006 this Court granted Defendants' request to stay the matter and ordered the Clerk to administratively terminate the case subject to the right of the parties to reopen the matter once the appeal was resolved.

On February 10, 2006, the Court of Appeals found that it did not have appellate

---

[1] The Court notes that in many of his motion papers, Plaintiff does not focus on the legal and factual claims stated in his notice of motion, but rather uses each motion as an opportunity to restate the substantive claims of his Complaint.

jurisdiction over Plaintiff's appeal of this Court's November Orders.  On February 15, 2006, Plaintiff moved to vacate the stay imposed by this Court on January 26th.

The Court has reviewed the parties' written submissions pursuant to Fed. R. Civ. P. 78.

**Plaintiff's Motions For Sanctions**

Plaintiff's motions for Rule 11 sanctions are based on the claim that the Government's Notice of Motion and Memorandum of Law in support of Defendants' Motion to Vacate Default "demonstrate an ongoing Title VII violation premised on sham pleadings."  See Plaintiff's Notice of Motion Rule 11 Sanction at 1.  Plaintiff also asserts that the Government's moving papers "suffer from a procedural virus" and that the documents on file "fail to meet the jurisdictional prerequisite of Rule 56(f)."[2]  See id.

Rule 11 sanctions are appropriate only when an attorney did not conduct a reasonable inquiry into the facts and law supporting the cause of action.  In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 n. 7 (3d Cir.2002); Schering Corp. v. Vitarine Pharm., Inc., 889 F.2d 490, 496 (3d Cir.1989).  The imposition of Rule 11 sanctions is reserved for exceptional circumstances in which the claim or motion is patently unmeritorious or frivolous.  See, e.g., Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d. Cir. 1988).

Defendants' Motion to Vacate Default was filed in good faith.  On two separate occasions, this Court ordered the Clerk's Office to issue summons in this case and ordered the U.S. Marshal to serve the summons and complaint.  See May 25, 2005 Order and June 24, 2005

---

[2] Plaintiff's reference to Rule 56(f) is puzzling given that no motion for summary judgment has been filed in this case.

Order.  Although the Bureau of Prisons, Office of General Counsel received a copy of the summons and complaint on July 6, 2005, neither the United States Attorney's Office for the District of New Jersey nor the Attorney General in Washington, DC, were served with process.  This Court granted Defendant's Motion to Vacate Default on November 3, 2005, because Plaintiff did not properly serve summonses upon the United States Attorney for the District of New Jersey and the Attorney General of the United States as required under Rule 4(i)(1)(A) and (B) of the Federal Rules of Civil Procedure to effect service on the Untied States.

Defendants' Motion to Vacate Default was based on information contained on the docket sheet in this case.  It was neither patently unmeritorious or frivolous and does not support imposition of sanctions.

**Plaintiff's Motion for Temporary Restraining Order**

Plaintiff seeks several forms of injunctive relief in his "Motion for Temporary Restraining Order Preliminary Injunction."  First, Plaintiff claims that the U.S. Marshal's Service failed to serve the summons and complaint filed with the Court on October 6, 2005.  Plaintiff moves the Court to prohibit the Marshals' Service from obstructing justice and interfering with Plaintiff's civil rights litigation.  He also seeks injunctive relief as to the claims in his Complaint, including an injunction barring a recently-added Defendant from "depriving plaintiff of medical treatment" and injunctive relief compelling the "Claims Examiner to employ medical treatment."  See Plaintiff's Notice of Motion for Temporary Restraining Order Preliminary Injunction.

The Third Circuit has repeatedly held that injunctive relief "is an extraordinary remedy which should be granted only in limited circumstances."  See, e.g., Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988); see also Mazurek v. Armstrong,

520 U.S. 968, 972 (1997) (noting that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion") (citations omitted). Preliminary injunctions should only be granted where necessary "to preserve the relative positions of the parties until a trial on the merits can be held." See Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981); see also Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997) ("The purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on their merits.").

In order for this extraordinary remedy to obtain, a movant must demonstrate: (1) a reasonable probability of success on the merits; (2) that irreparable injury will result if the requested relief is denied; (3) that the hardships balance in favor of the moving party; and (4) the public interest would be advanced by the requested relief. See NutraSweet Co. v. Vit-Mar Enters., Inc., 179 F.3d 151, 153 (3d Cir. 1999). If the movant fails to meet any one of these factors, the court cannot grant a preliminary injunction. See id.

Here, Plaintiff has failed to meet this test as there is no evidence of a reasonable probability of success on the merits or that any potential harm cannot be compensated with money damages. See, e.g., Sampson v. Murray, 415 U.S. 61 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable injury"). First, Plaintiff has not demonstrated any reason to believe that the U.S. Marshal's Service is interfering with his right to litigate this case. On September 25, 2005, this Court ordered the Plaintiff to provide the Clerk with summons in the proper form addressed to all of the Defendants in the case, including the Attorney General of the United States, the United States Attorney for the District of New Jersey,

4

Federal Prison Industries and Steven Schwalb.  The Court ordered the Clerk to issue Plaintiff's summons and ordered the Marshal's Service to service the summons and complaint on all of the Defendants.  The Marshal's Service served summons and the complaint on all of the defendants with the exception of Ms. Karolyn Robinson.  Ms. Robinson was added to the case on October 6, 2005.  After Plaintiff added her as a defendant, the Clerk's office directed the Marshal's Service not to serve Ms. Robinson until the Clerk received clarification of this Court's September 26th Order and whether it applied to Ms. Robinson.  Under these circumstances, there is no basis for Plaintiff's claim against the Marshal's Service to succeed on its merits.

Second,  Plaintiff has not shown that he is likely to succeed on the merits of the counts in his Complaint.  This court has already rejected Plaintiff's request for preliminary injunctive relief in this matter, and sees no evidence that the circumstances have changed so as to dictate a different result now.  See June 24, 2005 Order.  Furthermore, Plaintiff has filed at least seven similar lawsuits, arising from the same factual circumstances, in four other district courts and has lost *every one* of those cases either on a motion to dismiss or upon a motion for summary judgment.  See Simon v. Brennan, et. al., No. 89-C-0626-C (W.D. Wisc. Apr. 16, 1990) (granting summary judgment for defendants); Simon v. U.S. Dep't of Justice, Federal Bureau of Prisons, et. al., No. 94-cv-11212 (D. Mass. Aug. 31, 1990) (granting motion to dismiss and entering judgment in favor of defendants); Simon v. Federal Prisons Indus., Inc., et. al., No. 96-cv-04980 (S.D.N.Y. July 1, 1996) (dismissing complaint, entering judgment for defendants and certifying that any appeal from the Court's order would not be taken in good faith); Simon v. Federal Prisons Indus., Inc., et. al., No. 97-cv-00757 (D.D.C. Oct. 30, 1997) (granting motion to dismiss complaint and entering judgment in favor of defendants/respondents); Simon v. Federal

Prisons Indus., Inc., et. al., No. 97-cv-02348 (S.D.N.Y. Apr. 3, 1997) (dismissing complaint and certifying that any appeal from the Court's order would not be taken in good faith); Simon v. City of New York, et. al., 98-cv-01489 (S.D.N.Y. Mar. 2, 1998) (dismissing complaint and certifying that any appeal from the order would not be taken in good faith); Simon v. Federal Prisons Indus., Inc., et. al., No. 03-10792 (D. Mass. July 15, 2003) (dismissing complaint as lacking any arguable basis in law or fact and advising plaintiff that the court has authority to enjoin litigants who abuse the processes of the Court).

All of the circuit courts to review Mr. Simon's case, with the exception of the Third Circuit here, have affirmed the lower court dismissals.[3]  See Simon v. Brennan, et. al., 940 F.2d 666 (7th Cir. 1991) (affirming district court's grant of summary judgment in favor of defendant); Simon v. U.S. Dep't of Justice, Federal Bureau of Prisons, et. al., 89 F.3d 823 (1st Cir. 1996) (affirming district court and finding that Simon's Eighth and Fourteenth Amendment claims lacked "even the minimal factual specificity required to scale the Rule 12(b)(6) hurdle"); Simon v. Federal Prisons Indus., Inc., et. al., No. 97-5323 (D.C. Cir. July 14, 1998) (affirming judgment of the district court); Simon v. Federal Prisons Indus., Inc., et. al., Nos. 97-3032, 97-2231 (2d Cir. June 3, 1997) (denying Plaintiff's motions on appeal and denying petition for writ of mandamus as improper); Simon v. City of New York, et. al., No. 98-6088 (2d Cir. Aug. 19, 1998) (denying appeal and warning Simon that future filing of frivolous appeals and motions may result in sanctions); Simon v. Federal Prison Indus., et. al., No. 03-2114 (1st Cir. Mar. 31,

---

[3] The Second Circuit denied Mr. Simon's appeal of the District Court's decision in Simon v. Federal Prisons Indus., Inc., et. al., No. 96-cv-04980 (S.D.N.Y. July 1, 1996), finding the relief sought against the district court to be moot and stating that mandamus could not be used as a substitute for appeal to secure any additional relief against the defendants. No. 96-3075 (2d Cir. Sept. 11, 1996).

2004) (affirming judgment of the district court).  Given this record of unsuccessful litigation, this Court cannot find that Plaintiff has shown a reasonable probability of success on the merits to support injunctive relief at this stage of the case.

**Plaintiff's Motion to Vacate Stay and Motion for Settlement and Pre-trial Conference**

On January 26, 2005, this Court issued a temporary stay of this matter, pending the resolution of Plaintiff's appeal to the Court of Appeals for the Third Circuit.  Now that the Third Circuit has dismissed Plaintiff's appeal for lack of jurisdiction, this Court will reopen this matter and direct that Defendants file any responsive pleading within the time period specified by Fed. R. Civ. P. 12.  The case will proceed as determined by the Magistrate Judge, who shall decide if and when to schedule any conferences.

Wherefore, on this 22nd day of February, 2006,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions [45] and Plaintiff's Motion to Enhance Rule 11 Sanctions [50]  are **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion for Temporary Restraining Order [55] is **DENIED**; and it is further

**ORDERED** that the Marshal's Service shall serve a copy of the summons and complaint on Ms. Karolyn Robinson, no later than February 27, 2006; and it is further

**ORDERED** that Plaintiff's Motion to Vacate Stay [67] of this matter is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Motion for Settlement and Pre-Trial Conference [68] is **DENIED**; and it is further

**ORDERED** that Defendants shall file any responsive pleading no later than April 24,

2006, and that Plaintiff shall file with the Court, no later than March 20, 2006, copies of all complaints and judgments in cases he has filed pertaining to the same back injury that is the subject of this current case; and it is further

**ORDERED** that Plaintiff shall not file any further motions until after Defendants' responsive pleading has been filed.

/s/ Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.